IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOYCE LEWIS, <u>et al.</u>          *
                                   *
v.                                 *     Civil Action No. WMN-11-2632
                                   *
COTTRELL, INC.                     *
                                   *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss and/or Motion for Judgment on the Pleadings, ECF No. 20, and Plaintiffs' Motion to Lift Stay, ECF No. 28.  Both of these motions are fully briefed.[1]  Upon consideration of the pleadings, facts and applicable law and for the reasons set forth below, the Court determines that Plaintiffs' Motion to Lift Stay will be granted and Defendant's Motion to Dismiss will be denied.

The pending case involves products liability claims brought by the surviving family of decedent Scott Lewis against Defendant Cottrell, Inc.  The decedent worked for Cassens Transport Company (Cassens) as an automobile hauler and tractor trailer driver at Cassens' terminal located in Jessup, Maryland,

---

[1] Plaintiffs have also filed a Motion for Leave to Supplement Plaintiffs' Initial Briefing on the Complete Preemption Issue, ECF No. 30, which the Court will treat as a Motion for Leave to File a Surreply.  As the supplement presents relevant information which could not have been presented during the initial briefing, the Court will accept the supplement and consider it in accordance with Local Rule 105.2(a).

and was a member of the International Brotherhood of Teamsters (Teamsters).  As part of his job duties, Mr. Lewis was responsible for loading new vehicles onto car carriers and delivering the vehicles to various dealerships.

According to the complaint, on April 4, 2008, Mr. Lewis was loading new vehicles onto the upper deck of a car carrier that was designed, manufactured, and sold by Defendant.  Upon exiting a Sports Utility Vehicle that he had loaded, Mr. Lewis fell head-first approximately eight and a half feet from the upper deck, sustaining serious injuries to his head, body and limbs. Mr. Lewis was hospitalized at the University of Maryland Shock Trauma Center and underwent a right craniotomy and right temporal lobe washout.  On April 24, 2008, Mr. Lewis died as a result of the injuries he sustained after the fall.

On September 14, 2011, Plaintiffs filed the present suit based on this Court's diversity jurisdiction, seeking damages from Defendant for Negligence, Products Liability, and Breach of Warranty.  ECF No. 1; see 28 U.S.C. § 1332.  On December 29, 2011, Defendant filed a Motion to Dismiss, ECF No. 20, arguing that the claims are completely preempted under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Subsequently, on January 6, 2012, Defendant filed a motion to transfer the case, along with 20 other products liability cases currently pending against it in various United States District

2

Courts, to the Eastern District of Missouri in order to consolidate pretrial proceedings pursuant to 28 U.S.C. § 1407. In all of the pending cases Defendant had filed motions to dismiss based on preemption, an issue Defendant argued should be decided by the Judicial Panel on Multidistrict Litigation (JPML).

Defendant filed a Motion to Stay the Case pending a decision on the motion to transfer, which this Court granted on February 14, 2012.  ECF No. 26.  On April 17, 2012, the JPML denied the motion to transfer.  ECF No. 27.  As this Court's February 14, 2012, Order stayed the case until the JPML issued a decision on the motion to transfer and the JPML has now issued that decision, the Court will lift the stay and consider the pending Motion to Dismiss.[2]

As stated above, Defendant argues that this case must be dismissed because Plaintiffs' state law claims are preempted by Section 301 of the LMRA.  More precisely, Defendant argues that Plaintiffs' claims are preempted because they are intertwined with the Collective Bargaining Agreement (CBA) to which Mr.

---

[2] Defendant has filed an opposition to Plaintiff's Motion to Lift the Stay and argues that "discovery and other obligations under the Federal Rules should be stayed pending this Court's ruling on the preemption issue raised in Cottrell's Motion to Dismiss." ECF No. 32 at 4-6.  As the Court will also rule on the Motion to Dismiss in this memorandum, lifting of the stay will not result in Defendant having to participate in discovery while the preemption issue is still outstanding.

Lewis, as a member of the Teamsters, was a party.  The CBA
contained specific provisions governing workplace safety and
grievance procedures, which Defendant argues are implicated
because Plaintiffs' claims essentially allege that the equipment
used in the workplace was not sufficiently safe.

Section 301 of the LMRA provides that "[s]uits for
violation of contracts between an employer and a labor
organization representing employees . . . may be brought in any
district court of the United States having jurisdiction over the
parties."  29 U.S.C. § 185(a).  The Supreme Court has explained
that this provision was enacted by Congress with the goal of
promoting the creation of a body of federal common law so that
collective bargaining agreements would be uniformly interpreted
and enforced.  See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202,
209-210 (1985) (citing Teamsters v. Lucas Four Co., 369 U.S. 95,
103 (1962)).  In view of this purpose, any suit which would
require an interpretation of the obligations assumed by the
parties to the CBA or a determination of "what legal
consequences were intended to flow from breaches of that
agreement," must be resolved by application of the federal
common law.  Id. at 211.

As such, a state-law claim is preempted if its resolution
"depends upon the meaning of a collective-bargaining agreement,"
Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-406

4

(1988), or is "inextricably intertwined with consideration of
the terms of the labor contract." Allis-Chalmers, 471 U.S. at
213.  Moreover, the Supreme Court has explicitly stated that
even if a state-law suit asserts a right that in some way may
relate to a CBA or to the parties to the CBA, it will not
necessarily be preempted.  Id. at 211 ("Of course, not every
dispute concerning employment, or tangentially involving a
provision of a collective-bargaining agreement, is preempted by
§ 301 or other provisions of the federal labor law).  Indeed,
"[w]hen the meaning of contract terms is not the subject of
dispute, the bare fact that a collective-bargaining agreement
will be consulted in the course of state-law litigation plainly
does not require the claim to be extinguished [through
preemption]." Livadas v. Bradshaw, 512 U.S. 107, 124 (1994).

Plaintiffs seek to recover under state-law claims for
strict products liability, negligence and breach of warranty.
In support of these claims, they allege that the car carrier
from which decedent fell failed to incorporate certain safety
features, such as side railings, handrails, hand holds, or
sufficiently wide walking decks, that would have prevented his
fall, and that this deficiency rendered the car carrier
unreasonably dangerous, was a result of Defendant's negligence,
and caused Defendant to breach the implied warranty of
merchantability.  See Compl. at 6-12.

Defendant argues that these claims are "really" claims for breach of the CBA, because the deficiencies alleged by Plaintiffs are related to an area covered by the CBA.  Defendant asserts that the CBA expressly discusses certain features with which equipment provided to Cassens' employees must be equipped, but does not require that the equipment be equipped with the safety features that, according to Plaintiffs, the equipment should have possessed.  Defendant argues that because of this, resolution of the claims is inextricably intertwined with consideration of the CBA.

The Court disagrees.  Resolution of Plaintiff's state-law claims will not require interpretation of the CBA between decedent's union and his employer.  While it is true that the CBA specifies certain features with which carriers provided by Cassens to its employees must be equipped, it does not create any duties or impose any restrictions on the manner in which Defendant designs and manufactures those carriers.  Though it is certainly likely that Defendant considers the needs of companies like Cassens when it designs and manufactures equipment, it cannot rely on this consideration to escape its state law duty to ensure that its products are reasonably safe and without defect.[3]  After all, just because the CBA may not require that a

---

[3] Of the safety features listed by Plaintiffs in their Complaint, only one of them, "substantial non-skid surfaces," appears to be

carrier be equipped, for example, with side railings, does not

mean that a carrier lacking such side railings is without defect

under state common law.  The duties underlying Plaintiffs'

claims exist independently of the CBA, so the claims will not be

preempted by Section 301.  See Lingle, 486 U.S. at 407.

As concluded by another District Court that has considered

the issue of preemption,

> [t]he terms of the CBA between [decedent's] union and
> Cassens have nothing to do with resolving the issue
> presented by this case, namely, whether Cottrell satisfied
> its state-law duty to produce a reasonably safe product.
> [Plaintiffs'] claim simply related to a CBA provision or,
> more generally, to the parties to the agreement.  See
> Allis-Chalmers, 471 U.S. at 220. . . In short,
> [Plaintiffs'] claim is not a cause of action for violation
> of a CBA and, consequently, is not pre-empted by § 301.

ECF No. 30-4 (Longstreet v. Cottrell, Inc., Case No. 11-CV-1125

(S.D. Ill. Apr. 23, 2012).[4]

---

referenced specifically in the CBA, which requires that "[a]ll
vehicle walking surfaces and work areas, excluding loading
skids, shall be coated with non-skid paint or surface coating."
See ECF No. 30-11 (Article 30 of the CBA).  The CBA, however,
only specifies that the prescribed surfaces be coated with non-
skid product; it does not specify what type of coating must be
used or how the coating should be applied to provide adequate
fall protection.  As such, whether or not the carrier was
equipped with "substantial non-skid surfaces" is a factual
inquiry to be made independent of the CBA.  See Lingle, 486 U.S.
at 407.

[4] The Court notes that a number of other United States District
Courts have considered the same issue raised in the pending
motion to dismiss: whether state-law products liability claims
filed against Cottrell are preempted under Section 301.
Plaintiffs have submitted copies of the orders in fourteen of
these cases.  In all fourteen orders, the Judges determined that

For the reasons stated above, the Motion to Lift Stay filed by Plaintiffs will be granted and the Motion to Dismiss filed by the Defendant will be denied.  A separate order will follow.


_____ /s/ _____

William M. Nickerson
Senior United States District Judge


DATED: July 30, 2012

---

the state-law claims were not preempted.  <u>See</u> ECF No. 22 at 14 (listing 8 cases); ECF No. 30-11 at 6 (listing 6 cases).